IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD JENNINGS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>REXALL SUNDOWN, INC.,<br><br>    Defendant. | Civil Action No. 1:11-cv-11488-WGY<br><br>**DECLARATION OF KARA L. MCCALL IN SUPPORT OF DEFENDANT'S MOTION TO RETURN CASE TO TRIAL CALENDAR** |

I, Kara L. McCall, declare as follows:

1. I am an attorney at law licensed to practice in the States of Illinois and Indiana and admitted *pro hac vice* before this Court. I am a partner at Sidley Austin LLP, co-counsel of record for Rexall Sundown, Inc. ("Rexall" or "Defendant") in this matter. I make this Declaration in support of Rexall's Motion to Return Case to Trial Calendar ("the Motion"). I make this Declaration based on my personal knowledge and, if called to testify, I could and would competently testify to the matters contained herein.

2. On September 30, 2012, Peter N. Freiberg, counsel for Plaintiff, and Kara L. McCall, counsel for Defendant, executed a non-binding Memorandum of Understanding ("MOU") conditionally providing for a global settlement of this case and four other glucosamine-related putative class actions pending in federal courts in other districts. The other four cases were filed by different named plaintiffs who are represented by different plaintiffs' counsel.

3. At the outset of settlement negotiations in this case, Rexall made it clear that, if the settlement was to be a nationwide settlement, all plaintiffs' counsel must agree to participate. Plaintiff agreed to negotiate the terms of the non-binding MOU with the full understanding that

the participation of the plaintiffs and their counsel in the other actions would be a prerequisite to a settlement in this case even if the parties to this action could agree on the terms of the MOU.

4. The introductory paragraph of the MOU states: "In the matter titled *Jennings v. Rexall Sundown,* Civil Action No. 1:11-cv-11488-WGY (D. Massachusetts) (the 'Litigation'), named plaintiff Richard Jennings ('Plaintiff'), and defendant Rexall Sundown, Inc. ('Rexall' or 'Defendant') (collectively, the 'Parties'), acting through their respective undersigned counsel, reached a conditional understanding on a settlement on September 30, 2012, regarding the Litigation as reflected in this Memorandum of Understanding ('MOU'). Subject to the execution of a written settlement agreement (the 'Settlement' or 'Settlement Agreement'), the conditions set forth below, and final approval by the Court, the Parties have reached the following understanding."

5. Paragraph 9 of the MOU provides: "**Enforceability**. This MOU does not constitute a binding settlement agreement and shall not be admissible in court or otherwise used for any purpose whatsoever other than as a memorandum of the Parties' general understandings and their intent to negotiate further over the non-financial terms of any settlement."

6. Paragraph 10 of the MOU provides: "**Requirement of Additional Consents**. The Settlement of the Litigation, and the Parties' obligation to execute the Settlement Agreement, are expressly conditioned on (i) Plaintiff obtaining the consent of all named plaintiffs and their counsel in the Related Litigation, (ii) approval by the Board of Directors of Defendant's ultimate parent, and (iii) the agreement of the customers of Defendant and its affiliates. This provision can be waived or modified by the mutual consent of the undersigned parties if they believe that it is in the joint interests of the Plaintiff, the Settlement Class, and the Defendant to timely resolve the Litigation and Related Litigation notwithstanding the absence of

such consent."

7. Plaintiff has not obtained the consent of the named plaintiffs and their counsel in the four other glucosamine-related putative class actions pending in the other federal district courts.

8. On October 1, 2012, the parties appeared in Court and informed the clerk that they had entered into a non-binding MOU, but that a final agreement was conditioned upon the drafting of a binding and definitive settlement agreement, as well as Plaintiff obtaining the consent and participation of the parties and their counsel in the other four cases.  At that time, Plaintiff's counsel expressed confidence to the clerk that he would be able to obtain such consent and participation.  The clerk indicated that trial was set for October 15, 2012 and requested the parties to provide a status report by October 10, 2012.

9. Beginning in early October, the parties attempted to achieve the settlement contemplated in the MOU by securing the requisite consent of the other plaintiffs' counsel and their clients.

10. Attached as Exhibit A is a true and correct copy of email correspondence between Jennifer Gaudet, Courtroom Deputy to Judge William G. Young of the United States District Court for the District of Massachusetts, Peter N. Freiberg, counsel for Plaintiff, and Kara L. McCall, counsel for Defendant, dated October 9, 2012 through October 11, 2012.

11. Attached as Exhibit B is a true and correct copy of email correspondence between Jennifer Gaudet, Courtroom Deputy to Judge William G. Young of the United States District Court for the District of Massachusetts, and Peter N. Freiberg, counsel for Plaintiff, dated October 16, 2012 through October 18, 2012.

12. Rexall has reached a tentative agreement with all plaintiffs' counsel related to the

compensation and injunctive relief for the class.  It is Rexall's understanding that the only issue left to be negotiated is how the attorneys' fees award will be split, and Rexall has been advised that the plaintiffs' counsel have reached an impasse on this issue.

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge.

This Declaration is executed this 13th day of December 2012 in Chicago, Illinois.

>	*/s/ Kara L. McCall*_____
>	Kara L. McCall
>
>	*Co-counsel for Defendant Rexall Sundown, Inc.*