## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

RICHARD JENNINGS, on behalf of himself
and all others similarly situated,

                Plaintiff,

    -against-

REXALL SUNDOWN, INC.

                Defendant.

Civil Action No.: 1:11-CV-11488-WGY

### DECLARATION OF PETER N. FREIBERG

I, Peter N. Freiberg, declare as follows:

1.      I am counsel for plaintiff, Richard Jennings ("Jennings"), in this matter, and make this Declaration in Support of Plaintiff's Motion for the Court to grant Preliminary Approval of the class action settlement that has been reached between the Parties.   I make this Declaration based upon my personal knowledge and/or familiarity with this litigation and review of the files in my firm's possession.   If called to testify, I could and would competently testify to the matters contained herein.

2.      Attached as Exhibit A is a true and correct copy of the Memorandum of Understanding executed on September 30, 2012, by myself as counsel for Jennings, and by attorney Kara L. McCall as counsel for defendant, Rexall Sundown, Inc. ("Rexall"). This Memorandum of Understanding was prepared and signed to reflect a settlement of this class action matter that was entered into by the parties before the Court.

1

3.      The settlement was reached following several months of negotiations between counsel for Jennings and Rexall. In May 2012, counsel for Rexall broached the subject of settlement, following which counsel participated in a conference call during which the general constructs of a settlement were discussed. Following the conference call, Rexall's counsel sent a letter to Jennings' counsel which proposed in writing the general constructs of a settlement. Thereafter, numerous conference calls were held between counsel, at which the relief to be afforded to the class was discussed, it at all times being agreed that no discussion related to attorneys' fees would be held until after the terms of the settlement in favor of the class and Rexall had been determined.

4.      As a result of the numerous conference calls between counsel, Jennings and Rexall agreed upon the following terms of a settlement in favor of the class:

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

5.

**REDACTED**

6.

7.     The settlement was agreed to without any collusion whatsoever on behalf of the Parties or their counsel. At all times, the Parties were represented by competent and experienced counsel. During the negotiations, Rexall was represented by Robert T. Scarborough and Kara L. McCall, attorneys with the national law firm of Sidley Austin, LLP who vigorously advocated Rexall's position; and Jennings was represented by James R. Denlea, Jeffrey I. Carton and Peter N. Freiberg, now of the law firm of Denlea & Carton, LLP.

8.    Denlea & Carton's attorneys have been certified as class counsel and/or

have successfully prosecuted numerous class actions including:

*Llanos v. Shell Oil Company And Shell Oil Products US*, No.
SU-2006-009404 (N.Y. Sup. Ct.).   State-wide class action alleging that
Shell improperly imposed monthly inactivity or dormancy fees on Shell Gift
Cards in violation of New York Gen. Bus. L. § 349 and Shell's contracts with
its customers.   The court certified the class and approved a settlement on
March 31, 2010.

*Argento v. Wal-Mart Stores*, No. 22850/06 (N.Y. Sup. Ct.).   On October 2,
2009, the New York Appellate Division granted plaintiff's motion for
certification of a statewide class of consumers alleging that Sam's Club
violated state consumer protection laws and its membership contracts by
backdating membership renewals.   The court subsequently approved a
settlement in June, 2012.

*Dupler v. Costco Wholesale Corporation*, Civ. No. 06-3141 (E.D.N.Y.).
Class action alleging that Costco backdates membership renewals
purchased after the prior membership period's expiration date, in violation
of state consumer protection laws and Costco's membership contracts.
Class certification was granted on January 31, 2008 and a nationwide class
settlement was approved on April 20, 2010.

*In re Ticketmaster Sales Practices Litigation*, No. 09-0912 (C.D. Cal.).
Court appointed counsel interim co-lead counsel pursuant to Federal Rule
of Civil Procedure 23(g) on July 17, 2009.   On February 13, 2012, the court
granted final approval for a settlement.

*In re Bayer Corp. Combination Aspirin Products Marketing and Sales Practices
Litigation*, No. 09-2023 (E.D.N.Y.).   On June 8, 2009, the court appointed counsel
to Plaintiff's Executive Committee in this Multidistrict Litigation in which plaintiffs
allege that Bayer Healthcare LLC violated state consumer protection and warranty
laws in connection with the deceptive marketing and sales of Bayer combination
aspirin products.   Preliminary approval of a nationwide class action settlement
was granted on July 23, 2012.

*Luks v. Empire Blue Cross/Blue Shield*, Index No. 03/64337 (N.Y. Sup. Ct. N.Y.
Cty.).   Statewide class action brought on behalf of more than 1,000 surgeons that
compelled insurer to revoke its policy, commonly referred to as the "single incision"
policy, of refusing to cover certain medically appropriate surgical procedures.
The action was resolved on a class-wide basis, providing millions of dollars in
reimbursement to New York physicians.

*Breedlove v. Window Rock Ent., Inc.*, 04-00610 (Cal. Super. Ct. Orange Cty.).
Consumer class action challenging false and deceptive advertising for the popular
diet supplement CortiSlim.   The case was resolved on a nationwide class basis.

*Fox v. Cheminova, Inc.*, 00-5145 (E.D.N.Y.).   Class action brought against pesticide manufacturers on behalf of commercial lobstermen on Long Island Sound, alleging destruction of lobster stock.   The court certified the class and approved a settlement.

*Dupler v. Old Navy LLC and The Gap, Inc.*, No. 06/008356 (N.Y. Sup. Ct., Nassau County).   Class action alleging that consumers were shortchanged when returning merchandise bought with store-issues coupons.   On August 6, 2007, the court approved a settlement.

*Aggarwal v. Magicjack LP*, No. 50 2011 CA 009521 (Fla. Cir. Ct. Palm Beach Cty.).   Class action alleging consumers' renewal dates for computer based telephone services were unlawfully backdated.   Final approval of a nationwide class action settlement was granted on July 23, 2012.

9.      The settlement was agreed to after extensive discovery. As the Court will

recall, in April 2012, the Court set the "exemplar trial" of Jennings' claims for its October

2012 trial term. Between April and September 2012, the Parties engaged in discovery

consisting of the depositions of both Plaintiff Jennings and two (2) employees of

Defendant Rexall, who are responsible for substantiating the claims that Rexall makes for

its products; a large production of documents by Rexall, consisting primarily of its

"substantiation file" consisting of over 7,000 pages of documentation; the disclosure of

three expert witnesses (with accompanying Rule 26 expert disclosures), one on behalf of

Jennings and two on behalf of Rexall, and their depositions.   Clearly, by the time that the

Parties agreed upon the Settlement, they were in a very good position to understand the

legal, scientific, and medical aspects of the case and the respective strengths and

weaknesses of one another's positions.

10.      It is the well informed opinion of counsel for Jennings that the benefits

afforded to the class by the settlement reached between Jennings and Rexall are real and

substantial, both in terms of the monetary consideration that is being paid to the class, as

well as the injunctive relief that will require Rexall to make significant label changes that

directly address the allegations which gave rise to this action.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge, information and belief.

This declaration is executed this 9th day of January, 2013 in White Plains, New York.

Peter N. Freiberg

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on today's date.

/s/ Peter N. Freiberg