**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
RICHARD JENNINGS, on behalf of himself    :
And all others similarly situated,        :   Civil Action No.: 1:11-CV-11488 WGY
                                          :
                                          :
              Plaintiff,                  :
-against-                                 :
                                          :
REXALL SUNDOWN, INC.,                     :
                                          :
              Defendant.                  :
_____:

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Richard Jennings ("Jennings") respectfully submits this Reply to Rexall Sundown, Inc's ("Rexall") Response to his Motion for Preliminary Approval of the Class Action Settlement. Rexall did not file an "opposition" to Jennings' motion. Rather, Rexall acknowledged that the arm's-length, non-collusive class settlement reached in this litigation provides fair, adequate and reasonable compensation to the class.

The lack of an opposition to Jennings' motion is consistent with the fact that this case has been settled on a basis that will benefit a nationwide class of claimants. Rexall acknowledges this in its Response, wherein it states:

- "Rexall agrees with Jennings that the terms contemplated by the MOU are fair, adequate, and reasonable compensation for the class." (Response, page 2)

- "… [Rexall] agrees that the MOU was negotiated at arms' length after sufficient discovery." (Response, page 2)

- "[T]here is agreement among Jennings, Other Plaintiffs' Counsel, and Rexall regarding the compensation to be paid to the class, the claims-made nature of the

settlement, and the label changes to be made for the relevant glucosamine products." (Response, page 3)

- ° "Rexall desires a global settlement involving all plaintiffs' counsel on the terms reflected in the MOU, and has reached an agreement with all plaintiffs' counsel on all terms material to the class." (Response, page 8)

In these circumstances, where Jennings, as Plaintiff, and Rexall, as Defendant, have agreed to: all material terms of the settlement; the relief to be afforded to the class (which both parties acknowledge is fair, adequate and reasonable and which was agreed to after arm's length negotiations); the definition of the class members who will benefit from that relief; the release to be afforded to Rexall by the class members; and otherwise settled all claims asserted in this case, preliminary approval of the class action settlement is appropriate.  Where, as here, the settlement falls within the range of possible approval and there is nothing to question its fairness or the manner in which it was entered into, preliminary approval should be issued so that the reaction by the class members may be gauged and presented at the final fairness hearing.

Settlement agreements enjoy great favor with the courts, as a preferred alternative to costly, time consuming litigation. *Mathewson Corp. v. Allied Marine Indust., Inc.*, 827 F.2d 850, 852 (1st Cir. 1987).  "Prudential concerns favor settlement as a preferred alternative to litigation." *In re The Petition of Mal De Mer Fisheries*, 884 F.Supp. 635, 637 (D.Mass 1995).  To create an enforceable contract, there must be agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement.  It is not required that all terms of the agreement be precisely specified, and the presence of undefined or unspecified terms will not necessarily preclude the formation of a binding contract.  The parties must, however, have progressed beyond the stage of imperfect negotiation. *Situation Management Systems, Inc. v. Malouf, Inc.*, 430 Mass. 875, 878, 724 N.E.2d 699, 703 (2000) (citations omitted).

A Memorandum of Understanding can be a binding contract even if it contemplates more formal documentation. "Massachusetts law recognizes that precontractual agreements can themselves be binding contracts, but the case law 'place[s] great reliance on the intention of the parties.'" *Glyka v. New England Cord Blood Bank, Inc.*, 2009 WL 1816955, *3 (D.Mass. 2009), citing *Hunneman Real Estate Corp. v. Norwood Realty, Inc.*, 54 Mass. App. Ct. 416, 765 N.E.2d 800, 805 (Mass. App. Ct. 2002). It is not necessary that all of the terms be precisely specified, nor will the presence of undefined or unspecified terms necessarily preclude the formation of a binding contract. Id.[1]

Here, it was clearly the intention of Jennings and Rexall to resolve all claims before the Court, and this, as the Court has stated, is a "settled matter." On the eve of trial, the Parties negotiated a settlement that will benefit a nationwide class of claimants (and Rexall), with a clear intent to settle the action before the Court. The terms of the settlement are specific, detailed and clear, and were agreed to by the Parties and their counsel who were clearly authorized to enter into the settlement. Rexall cannot now (and does not meaningfully) deny the existence of the settlement, particularly because all material terms of the settlement were incorporated into the MOU.[2]

---

[1] Rexall's argument that a settlement could not be binding until further papers were drafted between the parties is not persuasive. Settlement of this matter will be under the guidance of the Court, by way of the class action settlement approval process. Upon preliminary approval, the class will be noticed pursuant to a Court-approved notice, and the Court will ultimately decide the fairness and reasonableness of the settlement at the final fairness hearing. Massachusetts law clearly provides that contemplation of additional documentation does not preclude a finding that a "preliminary" document can be binding and enforceable: "If, however, the parties have agreed upon all material terms, it may be inferred that the purpose of a final document which the parties agreed to execute is to serve as a polished memorandum of an already existing binding contract." *McCarthy v. Tobin*, 429 Mass 84, 87, 706 N.E.2d 629, 632 (1999). According to the First Circuit, "[the] argument, that when the parties to an agreement contemplate a written document will memorialize a contract, there can be no agreement until the document is executed, is a radical and doomed departure from the principles of contract law.... [T]hat is not the law." *Ramirez v. DeCoster*, 142 F. Supp. 2d 104, 108 (D.ME. 2001), citing *Quint v. A.E. Staley Mfg. Co.*, 246 F.3d 11, 14 (1st Cir.2001).

[2] "Yet, it is conventional for the court before whom the case is pending to enforce a settlement agreement, assuming it is valid; it would generally be preposterous to conduct a trial in the teeth of a

The allocation of attorneys' fees among counsel, if allocation is deemed appropriate, should not prevent the Court from providing its preliminary approval of the settlement. It is axiomatic that attorneys' fees must be approved by the Court, which will be done at the final fairness hearing based upon the submissions of the plaintiffs and their counsel. The current lack of agreement as to how attorneys' fees will be allocated does not make Jennings' motion for preliminary approval "premature" (Response, page 2). Since all material terms of the relief to be afforded to the class, and the release to be afforded to Rexall, have been agreed upon (again, which Jennings and Rexall both agree are fair, adequate and reasonable and negotiated at arm's length), this matter is ripe for the Court's preliminary approval.

Finally, Jennings notes that the Parties before the Court are more than capable of discussing and agreeing upon the mechanical issues that Rexall believes are "unanswered" by Jennings' motion. Items such as the content of the notice and its method of distribution, the class claims period, the timing of Rexall's pay-out under the settlement, and the claims administration process are routine, administrative matters that Jennings and Rexall can certainly agree upon for submission to the Court for its approval. These matters are not an impediment to the Court's preliminary approval of the settlement.

---

valid settlement agreement and award damages - only to have the resulting judgment unwound by a contract action or similar remedy implementing the settlement agreement." *Bandera v. City of Quincy*, 344 F.3d 47, 51 (1st Cir. 2003).

Jennings respectfully requests that the Court should grant its preliminary approval of the class action settlement as expeditiously as possible.

Dated:      White Plains, New York
                January 14, 2013

/s/ Peter N. Freiberg
Jeffrey I. Carton (Admitted *Pro Hac Vice*)
Peter N. Freiberg (Admitted *Pro Hac Vice*)
James R. Denlea (Admitted *Pro* Hac Vice)
DENLEA & CARTON LLP
One North Broadway, Suite 509
White Plains, New York 10601
Telephone:    (914) 920-7400
Facsimile:     (914) 761-19
jcarton@denleacarton.com
pfreiberg@denleacarton.com
jdenlea@denleacarton.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on today's date.

/s/ Peter N. Freiberg