IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD JENNINGS, on behalf of himself
and all others similarly situated,

        Plaintiff,

vs.

REXALL SUNDOWN, INC.,

        Defendant.

Civil Action No. 1:11-cv-11488-WGY

## JOINT REPORT AND REQUEST TO HOLD CASE IN ABEYANCE

Plaintiff, Richard Jennings ("Jennings") and Defendant, Rexall Sundown, Inc., respectfully submit this joint report to inform the Court of several recent developments and to request that the Court hold the case in abeyance and continue to maintain its status as administratively closed, upon stating as follows:

As the Court is aware, in addition to this matter, there are four other related putative class actions concerning glucosamine supplement products manufactured and/or sold by Rexall Sundown, Inc., NBTY, Inc. or their affiliates ("Rexall"), pending in a number of different federal district courts throughout the country. Two cases are currently pending in the Northern District of Illinois, one is currently pending in the Southern District of California, and one is pending in the Eastern District of California.[1] Three of the four other cases do not name Rexall as a defendant but, rather, name retailers as defendants (specifically, Target and Costco) – retailers

---

[1] *Liliana Cardenas v. NBTY, Inc. and Rexall Sundown, Inc.*, No. 2:11-CV-01615-LKK-CKD (E.D. Cal. filed June 14, 2011); *Cecilia Linares and Abel Gonzalez v. Costco Wholesale, Inc.*, No. 3:11-cv-02547-MMA-RBB (S.D. Cal. filed Nov. 2, 2011); *Nick Pearson v. Target Corp.*, No. 1:11-cv-07972 (N.D. Ill. filed Nov. 9, 2011); *Ray Padilla v. Costco Wholesale Corp.*, No. 1:11-cv-07686 (N.D. Ill. filed Oct. 28, 2011).

for whom Rexall manufactures the private label glucosamine supplements at issue in those cases. The breadth and scope of the claims asserted in the other actions are broader than those asserted by Jennings, as the other actions (1) name additional defendants not named here (namely, Target and Costco); (2) name additional products other than Osteo Bi-Flex; (3) challenge additional label and packaging claims in addition to the "renew cartilage" claim challenged in this case; and (4) seek to certify a class of consumers nationwide (as opposed to this case, which seeks only to certify a Massachusetts class).

In the interests of trying to reach a global resolution of all five cases and provide Rexall with complete litigation repose, Jennings and Rexall, together with counsel in the other four cases, have negotiated a global, nationwide settlement.  The negotiated settlement covers the sole Rexall branded product at issue in this case (Osteo Bi-Flex) <u>plus</u> (i) approximately fourteen other branded products distributed by Rexall or its related company NBTY, Inc., as well as (ii) approximately twelve other "private-label" branded products manufactured by Rexall/NBTY for separate retailers and sold throughout the country.  One of the terms of the global, nationwide settlement is that all of the litigations will be dismissed upon final approval of the parties' settlement.

As part of the arms-length and lengthy negotiations between all of the competing interests, a compromise was reached between all parties to consummate the settlement in the Northern District of Illinois, where two of the five glucosamine supplement cases are currently pending and where both the parties and the claims asserted are geographically and substantively the broadest.  The parties' compromise will permit the centralization of all claims against all of the parties for settlement purposes in one forum, to which all of the plaintiffs and Rexall have agreed.

Accordingly, Jennings and Rexall respectfully request that the Court maintain this case in its current status as administratively closed, until such time as the parties file a Stipulation of Dismissal upon completion of the settlement. Jennings also hereby withdraws Plaintiff's motion for Preliminary Approval of Class Action Settlement filed on January 9, 2013 [D.E. 87]. Finally, the parties request that the settlement conference scheduled for April 1, 2013 be taken off the calendar.

## STATEMENT PURSUANT TO LOCAL RULE 7.1

This motion is filed jointly by all parties to this action, and all parties respectfully request that the Court hold this matter in abeyance and maintain its status as administratively closed.

Dated: March 22, 2013

Respectfully submitted,                                  Respectfully submitted,

**Richard Jennings**                                     **Rexall Sundown, Inc.**
By his Attorneys,                                        By its Attorneys,

 *Peter N. Freiberg*                                      *Kara L. McCall*
Peter N. Freiberg (Admitted *Pro Hac Vice*)              Kara L. McCall (Admitted *Pro Hac Vice*)
Jeffrey I. Carton (Admitted *Pro Hac Vice*)              SIDLEY AUSTIN LLP
James R. Denlea (Admitted *Pro Hac Vice*)                One South Dearborn Street
DENLEA & CARTON LLP                                      Chicago, Illinois  60603
One North Broadway, Suite 509                            Telephone:  (312) 853-7000
White Plains, New York 10601                             Facsimile:   (312) 853-7036
Telephone:    (914) 920-7400                             kmccall@sidley.com
Facsimile:    (914) 761-1900
pfreiberg@denleacarton.com                                *Donald R. Frederico*
jcarton@denleacarton.com                                 Donald R. Frederico, BBO #178220
jdenlea@denleacarton.com                                 Pierce Atwood LLP
                                                         100 Summer Street, Suite 2250
                                                         Boston, MA  02110
                                                         Telephone: (617) 488-8141
                                                         Facsimile:  (617) 824-2020
                                                         dfrederico@pierceatwood.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Joint Report and Request to Hold Case in Abeyance was served upon the attorneys of record for all parties via the Court's electronic filing system on March 22, 2013.

 Peter N. Freiberg